UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-472 (PAM/DJF)

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)　REPLY TO GOVERNMENT'S
　　　　　　　　　　　　　　　　)　RESPONSE TO DEFENDANT'S POST-
　　　　v.　　　　　　　　　　　)　HEARING MEMORANDUM IN
　　　　　　　　　　　　　　　　)　SUPPORT OF MOTION TO SUPPRESS
THOMAS LEE GERLACH,　　　　　　)　EVIDENCE OBTAINED AS A RESULT OF
　　　　　　　　　　　　　　　　)　SEARCH AND SEIZURE
　　　　　　　Defendant.　　　　)

The government insists that because the police did not search the data extracted from Mr. Gerlach's cell phones until the federal search warrant was issued, Mr. Gerlach's "challenge to the state warrants is misplaced." Gov't Response at 12. The government's argument, which completely fails to address fruit of the poisonous tree, is wrong, and this Court should reject it. In any event, the federal search warrant suffers the same defects as the state search warrants and is subject to suppression for the same reasons.

The government concedes, and Gov't Ex. 7 confirms, that the cellphone data that was searched pursuant to the federal warrant was only in the possession of law enforcement because it was "previously extracted by SPPD pursuant to state search warrants." Gov't Ex. 7 at 2 ¶ 5; Gov't Resp. at 12. Moreover, before the federal search warrant was obtained, the police had returned the cellphones to Mr. Gerlach. Gov't Ex. 7 at 2 ¶ 5. The data to be searched pursuant to the federal search warrant was only in the possession of law enforcement, therefore, because of the execution of

the state search warrants. This is the essence of fruit of the poisonous tree. See Def. Posthearing Mem. at 5-9.

Consider, for example, if the police had broken into Mr. Gerlach's home and taken his cell phone without a warrant. Suppose they then obtained a search warrant to search the illegally-seized phone. The government's position is that if the search warrant is valid, then the subsequent search of the phone is constitutional without regard to whether the police first obtained possession of the phone legally. This is plainly wrong. In this case, if the police obtained the cell phone data pursuant to a defective warrant, then the subsequent search of that data is also illegal. For that reason, only the state search warrants are relevant to the inquiry. If they are not supported by probable cause, the illegal data extraction is not saved even if the federal search warrant was constitutional.

But the federal search warrant was not constitutional. It suffers the same defects as the state search warrants. The federal search warrant provides no basis to believe that evidence of a crime will be located in the extracted cell phone data. Instead, the affiant merely opines, in boilerplate fashion, that "the cellular devices of persons who unlawfully possess firearms often contain evidence of that firearm possession, including pictures of firearms, messages about firearms, and other data regarding the acquisition, possession and/or sale of firearms." Gov't Ex. 7 at 6 ¶ 19. In other words, in *every* case, the government claims a basis to search a defendant's cellphone based only on probable cause to believe the defendant committed a firearms offense.

2

Moreover, Gov't Ex. 7 broadly authorizes the search of all data on the phones from August 1, 2025 on, including call logs, text messages, phone books, browsing history, and saved passwords. *Id.* at Attachment B. It authorizes a search for any data related to "locations, schedules, residences, or travel" of both Gerlach and any unnamed "co-conspirators." It authorizes a search for unspecified "information regarding . . . Gerlach's involvement in other offenses that involved possession of a firearm." In other words, the federal search warrant authorizes law enforcement to peruse the extracted data from Gerlach's phones for evidence of *any* offense involving firearms, even though there is no probable cause to believe he was involved in any other offenses.

## CONCLUSION

The federal search warrant is the fruit of the state search warrants. Had the data not been extracted pursuant to those warrants, there would have been nothing to search. In addition, the federal search warrant provides no basis, other than boilerplate allegations, to believe the cellphone data contained evidence of a crime. It was grossly overbroad, enabling law enforcement to search everything in the data in the hope of finding anything relevant to any unspecified co-conspirators and any unspecified other crimes related to firearms.

For the foregoing reasons, and those in Mr. Gerlach's previous memoranda, this Court should recommend that the motion to suppress be granted.

Dated:  June 29, 2026

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142

LAW OFFICES OF
ROBERT D. RICHMAN, LLC
P.O. Box 16643
St. Louis Park, MN  55416
(651) 278-4987